Hyman, C. J.
The administrator of the estate of Robert K. Kennedy-filed a tableau, classifying the debts owing by the estate, (which he terms in his petition an account,) setting forth therein the assets of the estate, and the various claims against it, which were privileged, and which exceeded its assets. He also plead in the tableau various ordinary , claims.
He prayed that he be allowed credit for payments made by him as per vouchers filed, and that he be also allowed to pay the amount yet unpaid as per his account.
He prayed that the account be homologated, etc.
W. W. Chapman, A. Levy, W. H. Letchford, I. Bloom, J. J. Pearson,,, opposed the tableau and its homologation, on the ground that the claims stated to be privileged were not privilege claims. They averred other grounds of opposition.
The Court rendered judgment, decreeing that the claims opposed by the opposing creditors and some other small claims, were privileged, and ordered the administrator to pay them as such, decreeing that on his filing receipts for the payment of these privileged claims he be fully discharged from liability on account of the estate, and also decreeing that the claims of the opponents were ordinary claims.
At the same term of the court in which the judgment was rendered, A. Levy, I. Bloom and J. J. Pearson, obtained by motion an order to appeal from the judgment, and gave bonds in favor of the administrator and others opposing.
A motion has been filed in this court to dismiss the appeal, because all parties interested in maintaining the judgment have not been made parties to the appeal.
No citation of appeal was served, and none was required under the order of appeal.
The appeal bonds, therefore, stand in the place of citation, and the parties to the appeal are only those who gave the bonds and those in whose favor they were given.
The appeal bonds limit and restrict the obligation of the appellants to the administrator of the estate and those who opposed his tableau.
The bonds, therefore, are not in favor of the creditors who have privileged claims placed on the tableau, and who did not oppose it, and they are not parties to the appeal.
They certainly are interested in maintaining the judgment in their favor.
Let the motion be maintained, and let the appeal be dismissed,